UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

S5 15 CR. 379 (PKC)

OTTO SALGUERO MORALES

Defendant
--------------------------------------------------------------x

**DEFENDANT OTTO SALGUERO MORALES' MOTION FOR RANDOM CASE REASSIGNMENT**

Robert Feitel
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Counsel for defendant Otto Salguero

## INTRODUCTION

Defendant Otto Salguero-Morales respectfully moves the Court to have this criminal case randomly re-assigned by the Clerk's Office. As explained herein, during the course of the last five years, the United States Attorney's Office has brought a series of six criminal prosecutions against eight defendants from three different countries under the same criminal case number. Although the Government designated the prosecution against Mr. Otto Salguero-Morales as "Superseding 5," there appears to be virtually no factual connection to the prior cases and nothing sufficient to warrant the superseding designation. This conclusion is based upon the discovery provided by the Government in this case, as well as a review of the testimony and evidence adduced at the trials of Antonio Hernandez and Giovanni Fuentes-Ramirez, both of which were conducted before this Honorable Court.

The prosecutors in this jurisdiction have the authority to designate cases as "superseding" without any prior judicial review or notification. Under the totality of facts, it appears that the Government used this power to designate the case against Mr. Otto Salguero Portillo (and his co-defendants) as "superseding" to gain a tactical advantage with respect to a potential statute of limitations defense, or for some other reason(s) known only to the prosecution. See United States v. Ben Zvi, 242 F.3d 89 (2d Cir. 2001)(statute of limitations for superseding indictment "relates back" to date of original case). Whatever the reason – even if benign – this is not a "superseding" case as that term is used in criminal prosecutions.

As explained more fully herein, it is also noteworthy that charges against two other foreign national defendants whose criminal conduct was very closely aligned with the original indictment in this case – Devis Rivera-Maradiaga and Alexander Ardon-Soriano – were brought under different criminal case numbers and are assigned to two different district court judges.

Likewise, the Government never asked this Court to consolidate the sixth Superseding case against Fuentes-Ramirez case with the Salguero case, even though both were pending before the Court at the same time.

The Government should not be allowed to use its unilateral control over the grand jury process to designate cases as "superseding" and circumvent the random case assignment procedures otherwise utilized by this Court when the cases are not in fact, related to one another. Accordingly, the defense requests the Court to grant the relief requested and have this case randomly re-assigned. At a minimum, the Court should Order the Government to explain in detail the reasons for proceeding by superseding indictment in this case. See Rule 6(e) of The Rules For The Division Of Business Among District Judges. The defense also respectfully request that this motion be ruled upon before any decisions are rendered by the Court and that the parties be granted the opportunity to argue this matter before your Honor.

## FACTUAL BACKGROUND

***The Prior Indictments***

This section outlines the sequence of superseding indictments in this case, focusing on the date of the Indictment, the charges and time frame of the conspiracy, and any known relationship to Otto Salguero's case. The two case captions that appear in red typeface are those assigned to other judges in this district.

> ***Victor Hugo Diaz Morales*** – this defendant is a Guatemalan national, who was charged in the original Indictment on June 7, 2015, with participating in an international drug trafficking and weapons' offense conspiracy from 2003 - 2015. The defendant pled guilty and was a witness at the trial of Anthony Hernandez. He did not mention Otto or Ronald Salguero during his testimony.
>
> ***Anthonio Hernandez*** – this defendant is a Honduran national, who was charged in the *S2 Indictment* on November 23, 2018 with participating in an international drug trafficking and weapons' offense conspiracy from 2004 - 2016. The defendant proceeded to trial and

was convicted by a jury of all counts. He was sentenced by the Court on March 30, 2021 to life plus thirty years. Although Hernandez did not testify at trial, he voluntarily attended a meeting with members of the Drug Enforcement Administration in October 2016. During the interview he was not asked any questions about, nor did he mention, either Otto or Ronald Salguero.

***Mario Calix*** – this defendant is a Honduran national, who was charged in the *S3 Indictment* on January 23, 2019, with participating in an international drug trafficking and weapons' offense conspiracy from 2004 – 2016. The defendant remains a fugitive. During his testimony at the Anthonio Hernandez trial, Victor Hugo Morales noted that he had worked with Mario Calix.

***Alexander Ardon-Soriano*** is charged in Criminal Case 19 Cr. 45 before the Honorable Paul Englemayer. Ardon-Soriano is a Honduran nationals who was initially charged by Indictment on January 23, 2019; the same day as the *S2 Indictment* was returned against Mario Calix. Ardon-Soriano subsequently pled guilty to an Information charging him with participating in a Continuing Criminal Enterprise, as well as international drug importation and weapons' offense conspiracy. Ardon testified during the Anthony Hernandez trial and was the only witness to mention Otto and/or Ronald Salguero. In response to a question from the prosecution Ardon-Soriano indicated that he worked with the Salgueros from 2007-2013, or six years before they were indicted. Tr. 10/07/19 at pp. 386.

***Mauricio Hernandez Pineda*** – this defendant is a Honduran national, who was charged in the *S4 Indictment* on September 24, 2019, with participating in an international drug and weapons' offense conspiracy from 2000 – 2018. The Indictment alleges that Pineda provided armed security to drug trafficking shipments organized by his cousin Anthonio Hernandez and that he also provided sensitive law enforcement information to avoid detection while transporting cocaine through Honduras. Pineda's case is currently pending before this Court.

***Otto Salguero, Ronald Salguero, Amato Beltran-Beltran, and Fernando Felix Rodriguez*** – these defendants are all charged in the *S5 Indictment*. The Salgueros are Guatemalan nationals and Beltran-Beltran and Rodriguez are Mexican citizens. The defendants were charged by Indictment dated December 17, 2019 with participating in an international drug trafficking and weapons' offense conspiracy from 2004 – 2019. The only reference in any of the discovery provided to the defense to date concerning Otto Salguero, is the testimony of Alexander Ardon-Soriano during the Anthony Hernandez trial.

***Devis Rivera-Maradiaga*** – this defendant is a Honduran national who was originally charged with one count of participating in an international drug trafficking conspiracy in Criminal Case 13 Cr. 14 on May 21, 2013, which was assigned to Judge Koeltl. Rivera-Maradiaga subsequently pled guilty to a superseding Information dated March 22, 2017, which charged him with participating in a Continuing Criminal Enterprise, as well as an international drug trafficking, money laundering, and weapons' offense conspiracy.

Notably, the time frame for Rivera-Maradiaga's participation in all of the alleged conspiracies is 2003- 2013. Rivera-Maradiaga testified at both the Antonio Hernandez and Giovanni Fuentes trials, but made no mention of any drug trafficking activities with Otto or Ronald Salguero; his testimony in any event would be well outside the statute of limitations.

***Giovanni Fuentes-Ramirez*** – this defendant is a Honduran national who was charged in the *S6 Indictment* returned on June 3, 2020 with participating in an international drug and weapons' offense conspiracy from 2009 - 2020. The trial against Fuentes-Ramirez commenced on March 8, 2021 and ended on March 11, 2021 with a guilty verdict. There was no testimony at the trial that referenced either Otto or Ronald Salguero.

**LEGAL ANALYSIS**

***1. Due Process Mandates Random Case Assignment Of Criminal Cases***

It is clear beyond peradventure that the assignment of federal criminal cases is supposed to be random. The fundamental rationale for the general rule requiring random assignment of cases is "to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." Tripp v. Executive Office Of The President, 196 F.R.D. 201, 202 (D.D.C. 2000).

This principle is embodied in the Court's local rules, which provide that after a grand jury indictment has been returned, the magistrate duty judge shall "randomly draw" the name of the district court judge to which the case shall be assigned. Local Rule 6(b). This process comports with basic rules of due process because:

> While a defendant has no right to any particular procedure for the selection of the judge—that being a matter of judicial administration committed to the sound discretion of the court—he is entitled to have that decision made in a manner free from bias or the desire to influence the outcome of the proceedings.

Cruz v. Abbate, 812 F.2d 571, 573-74 (9th Cir. 1987). Finally, it bears repeating that while "courts may utilize different methods of assigning criminal cases to judges . . . . **these decisions do not stand for the proposition that the prosecutor may assign cases to the judge of his**

**choice.**" United States v. Pearson, 203 F.3d 1243, 1248 (10th Cir. 2000)(internal citations omitted)(emphasis added). The Second Circuit has confirmed that "a criminal justice system in which the prosecutor alone is able to select the judge of his choice to preside at trial, even in limited types of cases, raises serious concerns about the appearance of partiality, irrespective of the motives of the prosecutor. . . ." Francolino v. Kuhlman, 365 F.3d 137, 141 (2d Cir. 2004).

***2. The Criminal Case Against Otto Salguero Is Not "Superseding"***

Rule 6(e) of this Court's Local Rules authorizes a narrow exception to this principle of random assignments for criminal cases that are designated "Superseding" Indictments. The Rule states that an "indictment or information designated by the grand jury or the United States Attorney as a superseding indictment or information will be assigned to the same judge to whom the original indictment or information was assigned. . . . " The decision as to when a case is "superseding" thus appears (whether by intention or default) to be determined by the U.S. Attorney's Office. While the local rules do not define what constitutes a "superseding" indictment, in the case of *United States v. Steinberg*, 12 Cr. 121 (S.D.N.Y.)(RJS), in support of a motion for case reassignment, the defense submitted a letter on behalf the New York Council of Defense Lawyers (which includes former federal prosecutors as well), which noted that such an indictment:

> is ordinarily one that is filed in advance of trial in order to add new defendants or new charges to an existing case; it is a replacement indictment hat supplants a prior indictment otherwise in effect.

See Letter NYC Counsel of Defense Lawyers to Hon. L. Preska and Hon. R. Sullivan dated April 3, 2013 (DE 253). In common legal parlance, the term "superseding" signifies that there is an overlap between the defendants and the charges in the cases brought under the same criminal case number. Typically, that involves more than a commonality of witnesses, timeframe, or

location; a superseding case builds directly upon the prior indictment(s). In this case, the "superseding" indictment against Otto Salguero does not repeat, incorporate by reference, or supplement the charges in any of the prior iterations of the indictments brought under this criminal case number. Rather, the indictment against Otto Salguero is "superseding" in name only. In that regard, the Government's power to make the designation, is not – and should not – be free from judicial review.

In United States v. Gerard, No. 87-00177, 1987 WL 18400 (E.D. Pa. Oct. 7, 1987), the district court granted the defendant's motion for case reassignment after finding that there was an insufficient connection between the original and the superseding indictments to warrant the case being designated to the original judge. In reasoning that applies with particular force in this case, the district court noted that:

> The superseding indictment process is permitted to allow an existing indictment to be superseded by another indictment, **provided the center of gravity of the superseding indictment grows from and is essentially the same as the charges set forth in the underlying indictment**. It is clear here that in this case the charges in the Superseding Indictment are not only new and different groups of crimes, but also a new and different group of defendants.

United States v. Gerard at *2 (emphasis added).

In this case, there appears to be no sufficient commonality of facts to warrant the superseding designation of the case against Otto Salguero. The six superseding cases involve eight defendants from three different countries, and encompass different time frames. Indeed, a review of the Government's evidence at the *Hernandez* and *Fuentes'* trials makes it clear beyond peradventure that there is not one monolithic international drug trafficking and weapons' offense conspiracy involving every alleged trafficker in Honduras, Guatemala, and Mexico such that Otto Salguero would be encompassed within its parameters. The only witness who has ever

mentioned the Salgueros name in Court is Alexander Ardon-Soriano, who is indicted in a completely separate criminal case.

As further proof that these cases allege separate and distinct conspiracies, there are different groups of prosecutors assigned to the different cases. Likewise, the Government took no steps to seek joinder of the Superseding 5 Fuentes-Ramirez case with Superseding 4 case against Otto Salguero Portillo. Rather, the prosecutions have proceeded on separate tracks – like the unrelated criminal cases that they are.

Moreover, there could be no principled argument to the contrary. Any claim by the Government that all related prosecutions are automatically assigned to the 15 Cr. 375 case number is directly and unequivocally belied by the Government's return of stand-alone indictments against Ardon-Soriano and Rivera-Maradiaga before different judges. These defendants are charged with conduct that places them squarely within the criminal conspiracies alleged against Hernandez, Calix, and Fuentes, yet their cases were not deemed superseding. In essence, there is the undeniable appearance that the Government designates a criminal case as superseding only when and if it suits its purposes.

The defense acknowledges that in *United States v. Hoey*, S3 11 Cr. 337 (PKC), this Court denied a defendant's request to randomly re-assign a superseding indictment, but believes that the cases present significantly different fact patterns. In *Hoey*, the defense essentially conceded that the cases "grew out of a common criminal scheme." See DE 88 at p.9 (Memorandum of Law In Support of Case Reassignment). Here, each superseding case charges a separate and independent criminal conspiracy. Although this Court noted that Hoey suffered no "unfair prejudice" from the superseding designation, the defense does not believe that a showing of prejudice should be required for case reassignment under these circumstances. Even assuming

*arguendo* that such a showing is necessary, in this case there is prejudice to both: (1) the judicial system, whose integrity was compromised by the unilateral acts of the Government; and (2) Otto Salguero's due process rights because his viable statute of limitations defense was potentially compromised because the superseding designation creates the presumption that the date of the original indictment against Victor Hugo Diaz-Morales tolled the running of the statute of limitations. [1]

***3. The Remedy Of Case Reassignment Is Appropriate In This Case But At A Minimum The Government Should Be Required To Justify The Superseding Designation***

The defense believes that there is a sufficient basis in the record already before the Court to grant the instant request and have this case randomly reassigned. But in the alternative, at a minimum, we respectfully ask this Court to require the Government to justify the decision to designate this case as superseding to the other indictments returned under the same case number. Local Rule 6(e) specifically provides that:

> Any questions with respect to such designation as a superseding indictment or information shall be decided by that judge subject to appellate review where applicable. The judge may require the United States Attorney to explain in writing, either under seal or otherwise, the reasons for proceeding by superseding indictment or information before that judge rather than in another manner.

The superseding designation in the case against Otto Salguero, coupled with the Government's concomitant failure to designate the cases against Ardon-Soriano and Rivera-Maradiaga in the same manner raises serious due process questions about the procedures and/or standards used by the prosecution in this line of cases. This criminal case includes charges that carry mandatory forty year jail sentences. The defense has shown that the relationship between

[1] The defense reserves its right to challenge the application of the "relation back" rule in this case because the superseding indictment "substantially broadened" and "substantially amended" the charges in the original cases. United States v. Ben-Zvi, 242 F.3d 89, 98 (2d Cir. 2001).

the superseding cases is ephemeral at best. While the case should be randomly reassigned, at a minimum, the Government should be required to explain its decision. [2]

**CONCLUSION**

To be clear, the defense does not contend that this Court was involved in any way in the improper designation of this case. Nor should this this request for reassignment be considered as any indication that the defense believes that the Court is not completely neutral and impartial. Rather, the Government appears to have used its power to designate this case as superseding – when it is not - to seek an impermissible tactical advantage. This conduct should not be allowed to stand.

For all of the foregoing reasons, the defense respectfully requests that this case be returned to the Clerk's office for random reassignment.

Respectfully submitted

*Robert Feitel*

Robert Feitel
1300 Pennsylvania Avenue, N.W.
Washington, DC 20008
#190-515
(202) 450-6133 (office)
(202) 255-6637 (cellular)
RF@RFeitelLaw.com

[2] The defense does not know whether the decision to designate a case as "superseding" is a decision made by the "line" prosecutors assigned to a criminal case, or whether it is subject to supervisory review. If the Court determines that it is appropriate to require the Government to provide a justification for the superseding designation of the Salguero case, the defense respectfully requests that it disclose any and all correspondence, memoranda, or other material relating to the decision.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Electronic Filing System, this 29th day of April, 2021 to Assistant United States Attorneys Kyle Wirshba and Benjamin Schrier, 1 St. Andrews Plaza, New York, N.Y and to Linda George, counsel for defendant Ronald Salguero.

*Robert Feitel*

________________________________
Robert Feitel