UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                             S5 15-cr-379 (PKC)

           -against-                                  OPINION AND
                                                                          ORDER

OTTO RENE SALGUERO MORALES and
RONALD ENRIQUE SALGUERO-PORTILLO,

                              Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants Otto Rene Salguero Morales and Ronald Enrique Salguero-Portillo (the "Salgueros") move for reassignment of the superseding indictment pending against them. They assert that the government's decision to designate the case as a superseding indictment was improper and has prejudiced them. For reasons to be explained, the motion will be denied.

DISCUSSION

        This Court previously laid out some of the foundational points governing superseding indictments and the manner of their assignment:

> Rule 1, Local Rules for the Division of Business Among Judges, provides that "[e]ach civil and criminal action and proceeding, except as otherwise provided, shall be assigned by lot to one judge for all purposes." Consistent with Rule 1, Rule 6(b) provides that "[i]n a criminal case, after an indictment has been returned . . . the magistrate judge on duty will randomly draw from the criminal wheel, in open court, the name of a judge to whom the case should be assigned for all purposes." The relevant exception is set forth in Rule 6(e): "[a] superseding indictment or information will be assigned to the same judge to whom the original indictment or information was assigned." The rules do not define a superseding indictment and do not specify when it is appropriate for the government to seek or a grand jury to return a superseding indictment.

> The Preamble to the Rules for the Division of Business expressly provides that the Rules were "adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys . . . ."

United States v. Hoey, 11 cr 337 (PKC), 2014 WL 1091173, at *2 (S.D.N.Y. Mar. 12, 2014) (citations and footnote omitted). The Local Rules for the Division of Business confer no rights upon the Salgueros. Id.; Chevron Corp. v. Donziger, 11 civ 0691 (LAK), 2011 WL 979609, at *2 & n.11 (S.D.N.Y. Mar. 7, 2011) ("Accordingly, as the [Rules] clearly state, and as both the Second Circuit and this Court have held, no litigant would have any right to reassignment even if there had been a departure from the [Rules].").

The Salgueros also assert that the government's actions deprived them of due process of law. The Court assumes that the Salgueros have standing to raise a due process claim. The Court acknowledges that it "has an independent interest in ensuring that legal proceedings conducted before it have the appearance of fairness." Hoey, 2014 WL 1091173, at *3. "While the power to seek a superseding indictment rests exclusively with the executive branch, once returned by a grand jury there are powerful tools available to the judiciary to protect a defendant from an abuse of government power, including Rules 8(b) [misjoinder] and 14(a) [severance], Fed. R. Crim. P., and the authority of a judge to order a random reassignment when justice so dictates." Id. The Court has the authority to order random reassignment of this case.

At the time the S5 indictment was returned against the Salgueros and two others, there were open indictments pending against two defendants, Mario Jose Calix (S3) and Mauricio Hernandez Pineda (S4). The government's justification for the designation of the indictment charging the Salgueros as a superseding indictment is as follows:

> The drug-trafficking conspiracy at issue in all of the Indictments in this case (the "Conspiracy") involved state-sponsored cocaine distribution in Honduras that was supported by drug traffickers in Guatemala (such as the Salgueros) and Mexico (such as the Salgueros's co-defendants in the operative indictment). As the Government learned about the contours of the Conspiracy through, *inter alia*, cooperating witnesses in the active, ongoing investigation, it charged additional members of the Conspiracy in superseding indictments in this case while charges against co-defendants remained pending before the Court. As such, the S5 Indictment was properly filed as a superseding indictment in this case.

(Gov't Mem at 2; Doc 340.)

On its face, the government's rationale for seeking a superseding indictment in this action, as opposed to opening a new criminal action or superseding a different action involving narcotics trafficking in Honduras, is plausible. It is consistent with the evidence adduced at the trials over which this Court has presided, one defendant charged in an S2 indictment and one charged in a subsequent S6 indictment.[1] The evidence showed the existence of a conspiracy between and among drug traffickers, who at times worked cooperatively and at times competitively to ship, process and distribute multi-ton quantities of cocaine originating mainly in Colombia through Honduras, Guatemala and Mexico to its final destination in the United States.

But apart from the substantive deficiency in the Salguero's arguments, both have forfeited their right to complain of the designation as a superseding indictment. Salguero Morales (Doc 190) and Salguero-Portillo (Doc 192) first appeared in this District on March 12, 2020, represented by retained attorney Robert Feitel.[2] At the time of their initial presentment,

---

[1] While the two trials focused principally on the Honduran end of the conspiracy, the inclusion of Guatemalan participants such as the Salgueros was hardly an afterthought. The initial indictment charged Victor Hugo Diaz Morales, a drug trafficker who was arrested in Guatemala, with conspiring to traffic narcotics destined for the United States in both Guatemala and Honduras.

[2] The Court acknowledges that current counsel for Salguero-Portillo, Linda George, entered a notice of appearance on November 3, 2020. (Doc 208). Feitel continues to represent Salguero Morales.

3

the S5 indictment had been on file since December 17, 2019. No motion seeking reassignment of the case was made until April 29, 2021, more than a year after their first appearance. (Docs 322-323.)

The events that transpired in the intervening period between the Salgueros' first appearances in the District and their attempt to have the S5 indictment reassigned to another judge support the conclusion that, to the extent, the Salgueros had any right to challenge the assignment of the case to the undersigned, they forfeited that right due to their inaction for more than a year.[3] In the interim, the Court[4] made numerous rulings relating to either the Salgueros or other defendants in this case.

On June 29, 2020, the Court heard the application for release on bail of Salguero Morales and denied that application. On July 24, 2020, the Court heard the bail application of Salguero-Portillo and denied that application.

On December 18, 2020, the Court set the trial date for March 8, 2021 for defendant Geovanny Fuentes Ramirez, who was named in a S6 indictment. The Court ruled on motions in limine on February 1, 2020 and the case against Fuentes Ramirez proceeded to trial as scheduled on March 8, 2021. On March 22, 2021, Fuentes Ramirez was convicted on all counts.

On March 30, 2021, Juan Antonio Hernandez Alvarado, who was named in the S2 indictment, and previously tried and convicted, was sentenced by this Court principally to a term of life imprisonment.

---

[3] In the somewhat analogous area of motions to recuse a judge, delays far shorter than this have doomed the motions. See Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 448 (2d Cir. 2005) (delay of seven months); Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 334 (2d Cir. 1987) (two months); United States v. Durrani, 835 F.2d 410, 427 (2d Cir. 1987) (four months); United States v. Daley, 564 F.2d 645, 651 (2d Cir. 1977) (seven months); United States v. Zarrab, 15 cr 867 (RMB), 2016 WL 5812659, at *7 (S.D.N.Y. Sept. 29, 2016) (four months).

[4] All references herein to "the Court" or "this Court" are to the undersigned.

On April 12, 2021, the Court held a conference with counsel for both Salguero Morales and Salguero-Portillo to learn what motions they wished to make. Counsel for Salguero-Portillo raised what she viewed as inadequacies in the government's production of Rule 16 materials, and the Court directed both counsels to confer with the government in an effort to resolve those issues. The Court also directed counsel to express their views on whether the case was to be ready for trial in the third or fourth quarter of 2021; defense counsel's letters on the subject were due on April 26. The letters were duly filed on April 26 with no mention of the reassignment issue. Three days later, both defendants moved for random reassignment of the case, a matter never raised at the April 12 conference or at an earlier time.

The Court concludes that the decision of the two Salgueros not to seek reassignment of the S5 indictment at an earlier time and to assert it on April 29, 2021 was a strategic choice. The indictment was unambiguously labelled S5 superseding indictment and the prior indictments (and the subsequent S6 indictment of Fuentes Ramirez) were known to counsel long before they raised the issue of reassignment. The denial of their bail applications, the Court's evidentiary and other rulings in the Fuentes Ramirez trial, the sentencing of Hernandez and the Court's inquiry about trying the case against the Salgueros in the latter half of 2021 were likely motivating factors for the belated challenge to the propriety of the superseding indictment.

The Salgueros assert that they had no basis for seeking reassignment until they reviewed the evidence in the Hernandez and Fuentes Ramirez trials as produced by the government. They assert that there is little or no evidence of their participating in a conspiracy with the individuals identified as co-conspirators at those prior trials. Although the scope of the conspiracy charged by the grand jury is broad, it is not boundless. The grand jury charged a conspiracy "[f[rom at least in or about 2004, up to and including 2019, in Honduras, Guatemala,

Mexico, and elsewhere . . ." with "others known and unknown" to manufacture, distribute and ultimately import cocaine into the United States. The grand jury's indictment, and not the designation of the indictment as superseding, defines the scope of the conspiracy and the conspiracy as so defined in the S5 indictment does include the conspiratorial conduct charged in the prior indictments.

Further, the Salgueros have shown no prejudice. The Salgueros first assert that the government's decision to bring this case as a superseding indictment will adversely affect their ability to assert a statute of limitations defense. They rely upon United States v. Ben Zvi, 242 F.3d 89, 98 (2d Cir. 2001), in which the Circuit concluded that crimes charged in a third and fourth superseding indictment, which were "substantially the same" as the independently timely second superseding indictment, related back to the second superseding indictment against the *same defendant*. The law in this Circuit is that a superseding indictment relates back "if and only if it does not broaden the charges made in the first indictment . . . ." United States v. Grady, 544 F.2d 598, 602 (2d Cir. 1976); accord United States v. Rutkoske, 506 F.3d 170, 175 (2d Cir. 2007) ("Subsequent cases applying Grady have stated that a superceding indictment relates back to a pending timely indictment so long as the superceding indictment does not materially broaden or substantially amend the original charges." (internal quotation marks omitted)). It is based upon the principles that underlie the statute of limitations. Grady, 544 F.2d at 601 ("The defendants are put on timely notice, because of the pendency of an indictment, filed within the statutory time frame, that they will be called to account for their activities and should prepare a defense."). Indeed, notice is the "touchstone" of the analysis in determining "whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue." United States v. Salmonese, 352 F.3d 608, 622 (2d Cir. 2003). No

authority is cited by the Salgueros for the proposition that relation back to the date of an initial indictment applies to a defendant who was not charged in the initial indictment and is first charged in a superseding indictment.   !

Nor does the indictment's designation as superseding impair their ability to challenge venue as the Salgueros argue.  The indictment charges that at least one member of the conspiracy was first brought to and arrested in this District thereby providing a basis for venue in this District.  But the government does not prove venue merely by showing that a person who was *named* in an indictment that the S5 superseded was brought to and arrested in this District; it must prove at trial that a member of the same charged conspiracy as the Salgueros was first brought or arrested here.  18 U.S.C. § 3238.[5]  In addition, the Salgueros urge that they would suffer prejudice from the introduction of co-conspirator statements under Rule 801(d)(2)(E), Fed. R. Evid.  But the Salgueros being charged in a superseding indictment does not relieve the Court from finding that the foundational requirements for admission of co-conspirator statements are satisfied.

Notably, the defendants do not claim prejudice from this Court's familiarity with the alleged conspiracy or any of its prior rulings on any matter.  (Salguero Morales Reply Mem. at 9; doc 352 ("[T]he motion for reassignment is not a suggestion that this Court is not completely neutral and impartial in this case.")).  Rather the Salgueros accuse the government of judge-shopping and attempting to gain a tactical advantage.  But they do not dispute the proposition that randomly reassigning the indictment leaves open the possibility that it could be reassigned back to this Court.

---

[5] While not material to the Court's decision, defendants cite no authority for the proposition that a randomly reassigned superseding indictment ceases to be a superseding indictment.

CONCLUSION

Having considered defendants' arguments in their entirety, including those not expressly addressed herein, the motions (Docs 322 and 323) are DENIED. The Clerk is directed to terminate the motions. (Docs 322 and 323).

SO ORDERED.

Dated: New York, New York
July 13, 2021

P. Kevin Castel
United States District Judge